IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | Case No. 1:97-cr-87 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | **Order Denying Motion to Expunge** |
| | : | |
| Willie Stephens, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Willie Stephens's pro se Motion for Expungement. (Doc. 161.) For the reasons set forth herein, Stephens's Motion will be **DENIED**.

On December 12, 1997, Stephens pled guilty to conspiracy to distribute a controlled substance. He was sentenced to thirty-three months of imprisonment followed by five years of supervised release on March 31, 1998. On May 3, 2023, Stephens filed a short motion requesting that his conviction be expunged. (Doc. 161.)

Before the Court can consider the merits of Stephens's Motion, it must first consider the fundamental question of its power to do so—that is, whether the Court possesses jurisdiction over the Motion. "As courts of limited jurisdiction, federal courts possess only that power authorized by Constitution and statute and may not expand that power by judicial decree." *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (cleaned up). The burden lies with the party requesting an expungement to establish the court has jurisdiction. *United States v. Fourtounis*, No. 1:10-CR-00090, 2018 WL 6267757, at *1 (N.D. Ohio Nov. 30, 2018). Within the Sixth Circuit, there are two possible avenues for jurisdiction over a motion to expunge: a

statutorily-grounded authority to expunge or the limited doctrine of ancillary jurisdiction.[1]
*United States v. Field*, 756 F.3d 911, 914–15 (6th Cir. 2014).  The Court will address each in turn.

Regarding the first avenue, "Congress has not passed any statute granting the district courts general authority to expunge an otherwise valid criminal conviction."  *United States v. Williams*, No. 1:04-cr-126(14), 2015 WL 13528895, at *1 (S.D. Ohio Mar. 10, 2015) (quoting *United States v. Welch*, No. 1:05-cr-158, 2007 WL 4465256, at *1 (W.D. Mich. Dec. 18, 2007)). Congress has, however, enacted certain federal statutes "explicitly permit[ting] the expungement of criminal records under limited circumstances."  *Fourtounis*, 2018 WL 6267757, at *1; *see also United States v. Belfer*, No. 1:62-CR-321, 2018 WL 3374069, at *2 (N.D. Ohio July 11, 2018) (listing statutory examples).  Here, Stephens has not pointed to, nor is the Court aware of, any statute explicitly authorizing expungement in the circumstances presented.  Thus, the Court lacks a statutory basis for asserting jurisdiction.

Even in the absence of direct statutory authority, a district court may entertain a request to expunge under the narrow doctrine of ancillary jurisdiction.  Ancillary jurisdiction involves "proceedings that are related to, although technically separate from, the original case over which the court had subject-matter jurisdiction."  *Fourtounis*, 2018 WL 6267757, at *2.  "A district court's ancillary expungement power is rarely exercised[.]"  *United States v. Ross*, No. 3:97-CR-44-RGJ, 2021 WL 2908114, at *2 (W.D. Ky. July 9, 2021).  In *Field*, the Sixth Circuit reiterated the limited ambit of ancillary jurisdiction to hear motions to expunge, holding that federal courts

---

[1] A federal court also possesses jurisdiction when the court has original jurisdiction under 18 U.S.C. § 3231, which confers jurisdiction for "all offenses against the laws of the United States."  *Lucido*, 612 F.3d at 873–74.  Because a "motion for expungement is a request for an equitable form of relief seeking to alter public records" and "does not involve an offense against the United States," 18 U.S.C. § 3231 does not provide a basis for jurisdiction over a motion to expunge.  *United States v. Daniels*, No. 03-50015, 2016 WL 4168647, at *1 (E.D. Mich. Aug. 8, 2016).

"retain ancillary jurisdiction over motions challenging an unconstitutional conviction," but "lack ancillary jurisdiction over motions for expungement based on purely equitable considerations," such as "motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." 756 F.3d at 915–16; *see also United States v. Valueland Auto Sales, Inc.*, 847 F. App'x 344, 346 (6th Cir. 2021) ("[D]istrict courts don't have jurisdiction over motions for expungement premised solely on equitable considerations."). Thus, "federal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *United States v. Robinson*, No. 94-1945, 1996 WL 107129, at *2 (6th Cir. Mar. 8, 1996); *see also United States v. Whitson*, No. 2:99-CR-071, 2006 WL 2645139, at *1 (S.D. Ohio Sept. 14, 2006) ("While expungement may be warranted in cases in which the conviction was obtained illegally or through governmental misconduct, or in cases involving convictions under statutes later deemed unconstitutional, expungement of a *valid* conviction is rarely, if ever, warranted.") (emphasis in original). And even if a motion for expungement challenges an unconstitutional conviction, exercising ancillary jurisdiction must "enable the court to manage its proceedings, vindicate its authority, and effectuate its decrees." *Field*, 756 F.3d at 916 (quotations omitted).

Based on the foregoing, the Court finds that it lacks ancillary jurisdiction over Stephens's Motion. First, Stephens has not identified any ground that would permit the assertion of ancillary jurisdiction. No claim of a constitutional nature is presented, and Stephens does not challenge the legality of his conviction. While a criminal conviction can make it more difficult for people to find employment or housing, the Court is bound by Sixth Circuit precedent, and, as such, may not assert ancillary jurisdiction based on these equitable considerations. *See, e.g.,*

*Valueland Auto Sales*, 847 F. App'x at 345 ("*Field* further acknowledged our lack of jurisdiction over motions for expungement based on purely equitable considerations.") (quotations omitted); *United States v. Fortunato*, No. 92-CR-80654, 2021 WL 493357 (E.D. Mich. Feb. 10, 2021) (denying motion to expunge due to lack of jurisdiction where movant claimed her criminal record prevented her from obtaining employment); *United States v. Deer*, 249 F. Supp. 3d 876 (N.D. Ohio Apr. 17, 2017) (same).  And second, with the Court having entered final judgment in this case several decades ago, the Court is unable to discern how the exercise of jurisdiction over the Motion would allow it "to manage its proceedings, vindicate its authority, and effectuate its decrees."  *Field*, 756 F.3d at 916; *see also United States v. Thomas*, No. 1:06CR321, 2020 WL 1171612, at *2 (N.D. Ohio Mar. 11, 2020) (reaching same conclusion based on fourteen-year-old conviction).

Several courts in this circuit have held that, despite *Lucido*, district courts retain equitable jurisdiction to hear motions seeking expungement.  *United States v. Locklear*, No. 2:05-cr-56, 2013 WL 1338716 (S.D. Ohio April 1, 2013); *Williams*, 2015 WL 13528895 at *1.  However, the Court of Appeals has made clear that *Lucido* is the law of this circuit and courts lack general equitable jurisdiction over motions to expunge.  *Valueland Auto Sales,* 847 F.App'x at 345.

The inherent difficulties all ex-convicts face in trying to put the past behind them and move on with their lives is not lost on the Court.  However, the Court ultimately lacks the authority to grant Stephens the requested relief.  Accordingly, Stephens's Motion to Expunge (Doc. 161) is **DENIED**.

**IT IS SO ORDERED**.

S/Susan J. Dlott_____
Judge Susan J. Dlott
United States District Court